UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CLEOTIS L. JOHNSON #252308,   Case No. 2:19-cv-00093

        Plaintiff,   Hon. Gordon J. Quist
                                  U.S. District Judge

v.

SHERRY L. NEWCOMB, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.   Introduction**

This is a civil rights action brought by state prisoner Cleotis L. Johnson pursuant to 42 U.S.C. § 1983. Johnson alleges that Defendants Corrections Officer (CO) Heather Anderson, CO Lorry Webb, CO Sheri Newcomb, Chaplain David Rink, and CO William Henderson refused to allow him to pray during breaks from his work assignment and discriminated against him due to his religious beliefs by searching his cell, confiscating his cassette player and medications, issuing him false retaliatory misconduct tickets, and terminating him from his employment.

On May 1, 2020, this Court issued a Report and Recommendation (R&R, ECF No. 64) addressing Defendants' motions for summary judgment (ECF Nos. 29 and 30) and Plaintiff's motions for judgment on the pleadings (ECF No. 46) and for default judgment against unserved Defendant LaPonise (ECF No. 53). The R&R recommended denying Johnson's motions and dismissing all claims except the claims against Defendant Newcomb for infringing on his right to engage in religious prayer, religious discrimination and retaliation. (ECF No. 64, PageID.569.)

Johnson then filed a motion for summary judgment against Defendant Newcomb (ECF No. 71) and a motion for judgment on the pleadings against Newcomb (ECF No. 73). Defendants filed responses. (ECF Nos. 76 and 77.) Johnson filed a reply. (ECF No. 80.)

Johnson argues that the Court recognized that Defendant Newcomb conceded that she violated his rights entitling him to judgment against her. However, the Court recognized only that Defendant Newcomb conceded that Johnson exhausted his administrative remedies against her on two claims. There was no concession made by Defendant Newcomb regarding the merits – whether the claims are factually truthful – of the two claims.

It is respectfully recommended that the Court deny Johnson's motion for summary judgment and for judgment on the pleadings against Defendant Newcomb.

## II.  Summary Judgment and Judgment on the Pleadings

A party may move for judgment on the pleadings after the pleadings have closed but early enough as to not delay trial. Fed. R. Civ. P. 12(c). Where matters outside the pleadings are presented, the motion must be considered as one for summary judgment. Fed. R. Civ. P. 12(d).

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

### III. Analysis

Johnson argues that he is entitled to judgment against Defendant Newcomb because she conceded that she engaged in unlawful unconstitutional conduct against him. Johnson bases this argument on the Report and Recommendation. (ECF No. 56, PageID.555, 564, and 568). Johnson argues that the Court confirmed this concession by Defendant Newcomb in the recommendation and he is now entitled to judgment as a matter of law. However, Johnson's motion is based on his misunderstanding of what was conceded by Defendant Newcomb in her motion for summary judgment on exhaustion of administrative remedies. Defendant Newcomb simply conceded that Johnson exhausted two of the claims he asserted against her by filing grievances on those issues. As the Court explained: "Defendant Newcomb concedes ***that Johnson exhausted claims*** against her for denying him prayer time during his work breaks and for terminating him from his employment. (ECF No. 31, PageID.283.)" (ECF No. 64, PageID.555) (emphasis added.) Defendant Newcomb did not concede that Johnson's claims have merit or that she violated

Johnson's rights by denying prayer time during his work breaks and for terminating him from his employment. In addition, this Court did not state, suggest, or recommend that the claims against Defendant Newcomb had merit. The Report and Recommendation made no findings or recommendations as to the merits of Johnson's claims regarding prayer during work hours or termination from his employment.

At this stage of the litigation, it is the opinion of the undersigned, that a genuine issue of fact exists regarding whether Defendant Newcomb violated Johnson's rights.

### IV. Recommendation

It is respectfully recommended that the Court deny Johnson's motion for summary judgment and for judgment on the pleadings. (ECF Nos. 71 and 73.)

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   October 14, 2020                                   /s/ *Maarten Vermaat*
                                                            MAARTEN VERMAAT
                                                            U.S. MAGISTRATE JUDGE