UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CLEOTIS L. JOHNSON #252308,

    Plaintiff,                         Case No. 2:19-CV-93

v.                                            HON. GORDON J. QUIST

SHERRY L. NEWCOMB, et al.,

    Defendants.
_____/

**<u>ORDER ADOPTING REPORT AND RECOMMENDATIONS</u>**

This is a civil rights action brought by state prisoner Cleotis L. Johnson pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Maarten Vermaat has issued two Report and Recommendations (R & R). In the first R & R, Judge Vermaat recommends that the Court (1) grant Defendants' motions for summary judgment based on exhaustion; (2) deny Plaintiff's motion for judgment on the pleadings and motion for default judgment; and (3) dismiss Defendant LaPonise for failure to effectuate service under Fed. R. Civ. P. 4(m). (ECF No. 64). In the second R & R, Judge Vermaat recommends that the Court deny Plaintiff's motion for summary judgment and motion for judgment on the pleadings. (ECF No. 84.) Plaintiff has filed objections. (ECF Nos. 68, 85, and 86.) Defendants have responded. (ECF Nos. 75, 89, and 90.)[1]

Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any

---

[1] Plaintiff has also filed additional "objections" and moves to strike Defendants' responses as untimely because they were not filed within 14 days of the R & R. (ECF No. 78 and 92.) Defendants' responses are not objections to the R & R and were timely filed 14 days after Plaintiff filed his initial objections.

or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & Rs, the objections, and the pertinent portions of the record, the Court concludes that the R & Rs should be adopted with one modification as described below.

As to the first R & R, Plaintiff first objects to the magistrate judge's recommendation that Defendant LaPonise be dismissed for lack of service. Plaintiff moved for judgment on the pleadings and default judgment against Defendant LaPonise. But Defendant LaPonise has not been served with a summons and complaint in this case. Although Plaintiff points out that Attorney Joseph Ho entered a limited appearance for Defendant LaPonise, the limited appearance was for the early mediation process. (ECF No. 13.) "No defenses or objections, including lack of service, [were] waived as a result of the filing of the limited appearance." (*Id.* at PageID.177.) No other attorney has appeared for Defendant LaPonise. Moreover, Defendant LaPonise was not part of the MDOC Defendants' summary judgment motions. The record shows that the U.S. Marshals were unable to serve Defendant LaPonise. (ECF No 62-1.) Bottom line is that Plaintiff has not served Defendant LaPonise within 90 days as required by Fed. R. Civ. P. 4(m). Instead of dismissing Defendant LaPonise right now, the Court will enter a separate show cause order to allow Plaintiff to show cause within 14 days as to why he has not served Defendant LaPonise.

Plaintiff's remaining objections are difficult to understand. He alleges that the magistrate judge erred by finding that some of the issues were non-grievable. He appears to argue that, because the issues were non-grievable, he exhausted all *available* remedies. However, even though the issues were non-grievable under the MDOC grievance policy, the MDOC policy required Plaintiff to raise those issues at the misconduct hearing. *See Siggers v. Campbell*, 652 F.3d 681, 693-94 (6th Cir. 2011); MDOC Policy Directive 03.02.130 ¶ J; *see also* MDOC Policy

Directive 03.03.105 ¶¶ UUU-XXX. Plaintiff failed to do so. Furthermore, the fact that a grievance was rejected as non-grievable does not mean that a prison official thwarted the inmate's attempts to exhaust administrative remedies.

In addition, the Court does not understand Plaintiff's "estoppel" argument. Plaintiff does not adequately explain why Defendants are estopped from raising the affirmative defense of failure to exhaust. And, contrary to Plaintiff's argument, the Court is not required to hold a hearing when Defendants have shown that there is no genuine issue of material fact.

Ultimately, the Court agrees with the magistrate judges' analysis. Defendants have shown that Plaintiff failed to exhaust his administrative remedies on his claims except the religious and retaliatory claims against Defendant Newcomb identified by the magistrate judge.

As to the second R & R, Plaintiff objects to the magistrate judge's recommendation that the Court deny Plaintiff's motions for summary judgment and motion for judgment on the pleadings. As the magistrate correctly explained, the fact that the Court found that Plaintiff exhausted his administrative remedies on a claim does not mean that the Court found that Plaintiff is entitled to judgment on the claim. Even if the Court were to consider Plaintiff's newly submitted exhibits, he has not shown that he is entitled to judgment on any claim. Finally, Plaintiff's objections filed on December 30, 2020, are untimely.

**Accordingly, IT IS HEREBY ORDERED** that the May 1, 2020, Report and Recommendation (ECF No. 64) and October 14, 2020, Report and Recommendation (ECF No. 84.) are **adopted** as the Opinion of the Court with one modification. The Court will issue a separate show cause order before dismissing Defendant LaPonise.

**IT IS FURTHER ORDERED** that, for the reasons set forth in the R & Rs, Defendants' motions for summary judgment (ECF Nos. 29 and 30) are **granted**[2]; Plaintiff's motions for judgment on the pleadings (ECF Nos. 46 and 73), motion for default judgment (ECF No. 53), motion for summary judgment (ECF No. 71), and Plaintiff's Motion to Strike (ECF No. 78) are **denied**.

**IT IS FURTHER ORDERED** that the following claims are **dismissed without prejudice**: (1) Plaintiff's false retaliation claim against Defendant Newcomb for the disobeying a direct order misconduct issued on 11-26-2018; (2) and all of Plaintiff's federal claims against Defendants Henderson, Rink, Anderson, and Webb.

**IT IS FURTHER ORDERED** that the Court declines to excise supplemental jurisdiction over Plaintiff's state law claims against Defendants Henderson, Rink, Anderson, and Webb; therefore, these state law claims are **dismissed without prejudice**.

The remaining claims in this case include Plaintiff's claims against Defendant LaPonise and Plaintiff's retaliation and religious discrimination claims against Defendant Newcomb arising from his right to engage in religious prayer and his employment termination.

Dated: March 12, 2021   /s/ Gordon J. Quist
                         GORDON J. QUIST
                         UNITED STATES DISTRICT JUDGE

---

[2] Although Defendants first motion requested the entire complaint be dismissed, Defendants' "revised" second motion clarified that the Court should dismiss the unexhausted claims and not the entire complaint. (ECF No. 31 at PageID.284.)